DEBORAH M. SMITH
Acting United States Attorney

FRANK V. RUSSO
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
(907) 271-5071
(907) 271-1500 (fax)
Frank.Russo@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 1:05-cr-010 - (JWS) |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | <u>UNITED STATES SENTENCING</u> |
| KEVIN JAMES BURKE, ) | <u>MEMORANDUM</u> |
| ) | |
| Defendant. ) | |
| ) | |

**SUMMARY OF SENTENCING RECOMMENDATIONS**

**TERM OF IMPRISONMENT** . . . . . . . . . . . . . . . . . . . . . . . **84 MONTHS**

**SUPERVISED RELEASE** . . . . . . . . . . . . . . . . . . . . . . . . . . . **3 YEARS**

**SPECIAL ASSESSMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . **$300.00**

The United States Probation Office ("USPO") has prepared a presentence investigation report ("PSR") in this case. The government does not dispute the factual findings of the USPO.

## I. FACTUAL BACKGROUND

Beginning in at least August 2001, and continuing to July 14, 2005, the defendant imported oxycontin into the United States from Canada. The defendant was arrested by Royal Canadian Mountain Police ("RCMP") in Whitehorse, Canada, attempting to fill multiple prescriptions for oxycontin with false identification. Before he was arrested, the defendant had purchased at least 1,080 oxycontin tablets for $3,307.94. PSR, ¶ 10. The defendant had multiple prescriptions, both in his name and an alias, for over 1000 more oxycontin pills. The defendant was ordered to leave Canada and excluded from Canada for two years.

On July 26, 2005, the Federal Bureau of Investigation executed a search warrant on the defendant's residence in Juneau. Ten firearms,[1] $7,700 in cash, and instructional manuals on narcotics trafficking, money laundering, identity theft, and how to be a fugitive were seized. PSR, ¶ 15. In fact, 67 books and periodicals pertaining to criminal activity were seized; A copy of an FBI report listing the

---

[1] The defendant is a felon for theft convictions from 1984.

titles seized is attached hereto as Exhibit A.  The defendant consented to an FBI search of a storage locker he maintained.  Numerous empty oxycontin prescription bottles, a pocket scale, and other instrumentalities for committing identity theft and oxycontin importation were recovered.  Based on the evidence recovered from the searches, as well as the items recovered by the RCMP, the evidence shows that the defendant was responsible for importing and attempting to import <u>at least</u> 1,780 oxycontin pills in the year 2001; 2,780 pills in the year 2002; 1,080 pills in the year 2003; 1,350 oxycontin pills in the year 2004; and 1080 pills seized by the RCMP in July 2005.  These totals do not include records seized that reflect the defendant's purchase of prescription oxycontin pills in the United States.  These records indicate that the defendant obtained <u>at least</u> an additional 2,086 oxycontin pills in the United States between the years 2001 - 2005.  In total, the defendant was responsible for <u>at least</u> 10,571 oxycontin pills during the period charged in the indictment.

     Based on this evidence, and other evidence presented to the Grand Jury, on August 16, 2005, the defendant was indicted for importing and attempting to import oxycontin, possessing oxycontin with intent to distribute, identity fraud, and being a felon in possession of a firearm.  On November 15, 2005, the defendant pled guilty to importing and attempting to import oxycontin from

Canada, and being a felon in possession of a firearm.  The defendant agreed to forfeiture of guns and money that facilitated his crimes.

## II. PLEA AGREEMENT

On November 15, 2005, the defendant pled guilty to importing and attempting to import oxycontin from Canada, and being a felon in possession of a firearm.  The defendant agreed to forfeiture of guns and money that facilitated his crimes.  Because the conversion for oxycontin changed in 2003 to 6.7 kilograms of marijuana per gram of oxycontin, only the oxycontin imported from 2003 to 2005 was counted in the guideline calculation.  See U.S.S.G. §1B1.11(b) (Guideline manual in effect on a particular date must be applied in its entirety).   Accordingly, when all of the tablets referenced above are added for the years 2003 to 2005, a total of 144.4 grams of oxycontin is reached.  Multiplying this figure by 6.7 kilograms of marijuana, 144.4 grams of oxycontin equates to 967.48 kilograms of marijauna.  In exchange for the defendant's plea, the United States has agreed to dismiss the other counts of the Indictment pertaining to the defendant.

### III. SENTENCING RECOMMENDATION

    A.    <u>Application of the United States Sentencing Guidelines</u>

Pursuant to the importation charge to which the defendant pled, the maximum sentence that may be imposed on defendant is 20 years in prison, a $1 million fine, 3 years supervised release, and a $100 special assessment. The USPO has arrived at the same Guideline calculation as that contained in the plea agreement, and found that the defendant found has an adjusted offense level of 27, and a criminal history category of II. Accordingly, the defendant's sentencing range under the guidelines is 78-97 months.

    B.    <u>Application of 18 U.S.C. §3553(a)</u>

The United States submits that application of the factors set forth in 18 U.S.C. § 3553(a) supports a sentence within the guideline range of 78 - 97 months. First, as noted, the nature and circumstances of the offense are serious, given the amount of illegal substances imported and the longevity of the illegal activity. While the defendant appears to contend that all of these pills were for personal use, based on the evidence uncovered, such use would amount to roughly 5.8 oxycontin pills <u>per day</u> for a <u>five year time period</u>. As the evidence shows, and common sense dictates, the defendant was involved in distribution of oxycontin. Moreover, the defendant used fake identities to facilitate his importation of oxycontin, using

actual social security numbers of other individuals.  When one looks at the list of reading material possessed by the defendant, set forth in Exhibit A, it appears that the defendant's life was consumed by committing crimes and thinking about how to commit crimes.  This predisposition is reflected by his criminal record, which includes two felonies in 1983.  Despite these felony convictions, the defendant nonetheless possessed a small arsenal of firearms, including semi-automatic rifles.  Thus, the defendant appears to be a dangerous individual who has not been previously deterred from committing crime.

Unlike controlled substance crimes involving crack cocaine, oxycontin offenses have lower guideline offenses, despite oxycontin abuse reaching epidemic proportions.  Before 2003, one gram of oxycontin was equated to 500 grams of marijuana.  Thus, despite being responsible for over 10,000 oxycontin pills in a city the size of Juneau, the defendant is not facing a mandatory minimum sentence.  Although the defendant's importation activities may have  fostered and fed his own addiction, based on the evidence, he certainly fed the addictions of others.

## III.    CONCLUSION

On balance, the government submits that a sentence of 84 months is appropriate. The United States submits that such sentence would serve to deter the defendant and future offenders, particularly prescription drug sellers, a crime of increasing prevalence. A period of three years of supervised release and a $300 special assessment is mandatory. A final order of forfeiture is still pending publication by the United States Marshals.

RESPECTFULLY SUBMITTED this  25th  day of January, 2006 in Anchorage, Alaska.

>DEBORAH M. SMITH
>Acting United States Attorney
>
>s/ Frank V. Russo
>Assistant U.S. Attorney
>Federal Building & U.S. Courthouse
>222 West Seventh Avenue, #9, Room 253
>Anchorage, Alaska  99513-7567
>(907) 271-5071
>(907) 271-1500 (fax)
>Frank.Russo@usdoj.gov

I declare under penalty of perjury that a true and correct copy of the foregoing was sent to William Carey, Esq. on January 25, 2006, via:

(X) Electronic case filing notice

Executed at Anchorage, Alaska, on January 25, 2006
s/ Frank V. Russo
Office of the U.S. Attorney