IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. 1:05-cr-008-RRB |
| ) | |
| Plaintiff, ) | **AMENDED PRELIMINARY** |
| ) | **ORDER OF FORFEITURE** |
| v. ) | |
| ) | |
| KEVIN JAMES BURKE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pursuant to Fed. R. Crim. P. 32.2(b) and based upon defendant KEVIN JAMES BURKE's November 15, 2005 plea agreement and guilty pleas to Counts 1, 2, 6, 7, and 8 of the Indictment (including the Criminal Forfeiture Counts 7 and 8), and the Court's acceptance of the defendant's guilty pleas, the Court finds as follows:

A. That in light of the defendant's guilty plea to and conviction of Count 6 of the Indictment, and the defendant's guilty plea to Count 7, the defendant's interest in the following ten firearms, including accessory magazines and ammunition, described in Count 7, is property constituting firearms or ammunition involved in or used in the commission of such violation, thereby rendering said property subject to forfeiture under 18 U.S.C. § 924(d)(1):

    1)    one Finnbear SAKO 30.06 caliber rifle, serial number 83409;

    2)    one Mossberg 12 gauge shotgun, serial number 00471;

    3)    one Ruger M77 mark II 30.06 caliber rifle, serial number 787-67434;

    4)    one Ruger M77 .338 caliber rifle, serial number 785-50937;

    5)    one Lakefield Arms .22 caliber rifle, serial number L160332;

    6)    one Norinco MAK-90 Sporter 7.62 x .39 mm semi-automatic rifle, serial number 94151417;

    7)    one ITM Arms MK99 7.62 caliber rifle, serial number 0001354;

    8)    one ITM Arms MK99 7.62 caliber semi automatic rifle, serial number 0001070;

    9)    one Group Ind, 9 mm / 45 ACP / .22 caliber semi-automatic rifle, serial number 509675; and

    10)    one Safari Arms Matchmaster .45 caliber pistol, serial number S4331.

B. That in light of the defendant's guilty plea to and conviction of Counts 1 and 2 of the Indictment, and the defendant's guilty plea to Count 8, the defendant's interest in the approximately SEVEN THOUSAND SEVEN HUNDRED FOUR DOLLARS ($7,704.00) in United States currency, described in Count 8, is property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such violations, and property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violations, rendering said currency subject to forfeiture under 21 U.S.C. §§ 853(a)(1) and (2).

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED and DECREED as follows:

The firearms described in Count 7 of the Indictment are condemned and forfeited to the United States of America pursuant to 18 U.S.C. § 924(d)(1), and the defendant shall forthwith forfeit all his right, title and interest, if any, that he has in said firearms, including accessory magazines and ammunition.

The currency described in Count 8 of the Indictment is condemned and forfeited to the United States of America pursuant to 21 U.S.C. §§ 853(a)(1) and (2), and the defendant shall forthwith forfeit all his right, title and interest, if any, that he has in said currency.

Pursuant to Fed. R. Crim. P. 32.2(b)(3), the United States Marshals Service is authorized to seize and take possession of the aforementioned firearms and currency, and hold such in its secure custody and control until further order of this Court, may conduct any discovery the Court considers proper in identifying, locating, or disposing of said property; and to commence proceedings that comply with any statutes governing third-party rights.

Pursuant to 21 U.S.C. § 853(n), the United States Marshals Service shall publish notice of this Preliminary Order of Forfeiture and of the United States' intent to dispose of the property in such manner as the Attorney General may direct. The notice shall be published once in each of three consecutive weeks in the Anchorage Daily News or any other appropriate newspaper of general circulation. The notice shall state that any person, other than the defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the Court within 30 days of the final publication of notice or of receipt of actual notice, whichever is earlier.

The notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property. The petition shall also set forth any additional facts supporting the petitioner's claim and the relief sought.

The United States may also, to the extent practicable, provide direct written notice as substitute for published notice to any person known to have alleged an interest in the property that is the subject of this Preliminary Order of Forfeiture. Upon adjudication of all third-party interests, this Court shall enter a Final Order of Forfeiture in which all interests will be addressed.

DATED:_____.

_____
HON. RALPH R. BEISTLINE
United States District Judge